ALEXANDER
vs.
BREEDEN.

Wherefore, the judgment is affirmed.

HARRISON for plaintiff; RIPLEY for defendant.

## Alexander vs. Breeden.

Case 31.

ERROR TO JEFFERSON CIRCUIT COURT.

One desiring to sell real estate gave to a real estate agent a description of the property, with the price, fifty dollars of which was to go to the agent for effecting the sale; one desiring to purchase called, got the description and the name of the owner, went to the owner asked the price who said he would take the price less by the fifty dollars. The purchase made. The agent sued for the fifty dollars. Held, that he had a right to recover.

September 23.

Judge CRENSHAW delivered the opinion of the court.

One desiring to sell real estate, gave to a real estate agent a description of the property, with the price, fifty dollars of which was to go to the agent for effecting the sale; one desiring to purchase called, got the description with the name of the owner, went to the owner, asked the price, who said he would take the price less by the fifty dollars. The purchase made. The agent sued for the fifty dollars. Held, that he had a right to recover.

J. W. Breeden, being a real estate agent in the city of Louisville, was applied to by John M. Alexander to sell for him a house and lot in the city, and an entry was made upon the books of the agent, giving a description of the property, and stating its price at $2,050, and stating also that Breeden was to have $50 if he should sell at said sum of $2,050. This entry on the books was signed by Alexander. Afterwards, Smidt called at the office of Breeden, and, by his permission, obtained from the books the description of said house and lot, and its price. Smidt then, as he says in his testimony, being better acquainted with Alexander than with Breeden, called on him and asked him the price of said property, without communicating the fact that he had seen Breeden, or been to his office, and Alexander replied to the interrogation as to price, "two thousand dollars," which Smidt agreed to give, and received a conveyance.

This action of covenant, founded upon said entry on the books, signed as aforesaid by Alexander, was

brought against him by Breeden to recover said sum of $50, which he was to have in the event that he should effect a sale at the price of $2,050. A judgment for $50 was recovered in the court below, and Alexander has brought the case to this court for a reversal of the judgment.

According to the terms of the contract, a sale by Breeden for the sum of $2,050, was a precedent condition to his right to demand the sum of $50; but it is well settled that a recovery can as well be had upon a covenant containing a precedent condition, in a case where its performance has been prevented by the covenantor, as where there has been actual performance. The extent of recovery, however, depends upon the nature of the thing to be performed. Where the execution of the precedent condition requires continuous service, its prevention by him for whom the service is to be performed does not, as a matter of course, entitle the covenantee to the full price agreed to be paid for the services; but where the precedent condition depends upon the performance of a single act, its prevention by the covenantor may entitle the covenantee to recover as for actual performance.

In this case the act to be done to entitle Breeden to the sum of $50 was a single act—the sale of the property for $2,050—and had it been shown that he could have certainly made the sale at that sum but for the interference of Alexander, we think it could not be doubted that he would have a right to recover the full sum of $50; but there is no positive testimony that he could have made the sale for the price fixed in the contract, still the circumstances persuasively show that he could have done so but for the interposition of Alexander. When Smidt applied to Alexander to know what he would take, and learned that the property could be had for $2,000, he appears to have immediately agreed to give the price without hesitation. He had previously learned from the entry on the books that the price was $2,050, and did not ask Alexander whether he would take less,

but only enquired of him the price, hoping, no doubt, that he would take less, but manifesting no intention to decline a contract at the price of $2,050. Smidt wanted the property, and $50 is a small sum compared with the price given, and had this additional sum been asked we think it would probably have been given. Smidt, having seen from the entry that Alexander would be content with $2,000, and that the sum of $50 had been added to the price as compensation to Breeden, expected, doubtless, to procure the property from Alexander at said sum of $2,000, and this expectation, probably, had no little influence in inducing him to apply to Alexander. He desired, of course, to get the property for a less sum than the price mentioned on the books of Breeden, but there was no disposition shown to decline a purchase at that price, but, as we think, a contrary disposition was manifested by the circumstances. We are of opinion, therefore, that the judgment of the circuit court was warranted under the circumstances of the case. It was through the instrumentality of Breeden, the real estate agent, that Alexander was enabled to sell his property for the price with which he was content, for it was from the books of the agent that it was ascertained to be for sale, and as already said, the circumstances warrant the conclusion that a sale might have been effected by Breeden at $2,050, and we think he is entitled to the stipulated compensation.

Wherefore, the judgment is affirmed.

SPEED & WORTHINGTON for plaintiff; TYLER for defendant.